2011 OK 97

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Fred M. SCHRAEDER, Respondent.**

**No. SCBD–5803.**

Supreme Court of Oklahoma.

Nov. 15, 2011.

1. 5 O.S.2001, ch. 1, app. 1–A.

## ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION

### PENDING DISCIPLINARY PROCEEDINGS

¶ 1 On October 28, 2011, an affidavit was filed by Fred M. Schraeder ("Respondent") pursuant to rule 8.1 of the Rules Governing Disciplinary Proceedings ("RGDP").[1] In the affidavit Respondent requested that he be allowed to resign his membership in the Oklahoma Bar Association ("OBA") and relinquish his right to practice law. At the same time the OBA presented this Court with an application seeking an order approving Respondent's resignation pending further disciplinary proceedings. The application and accompanying affidavit reflect the following:

(1) Respondent's affidavit indicates (a) it was freely and voluntarily rendered; (b) it was not secured by subjecting Respondent to duress or coercion; and (c) Respondent was aware of the consequences associated with submission of his resignation.

(2) Respondent acknowledged that his resignation must be approved by the Oklahoma Supreme Court. Nevertheless, Respondent agreed to conduct himself as if the resignation was immediate, and he has surrendered his membership card to the OBA.

(3) The affidavit attests to entering a plea of guilty on October 25, 2011 to one count of conspiracy to commit a felony (21 O.S. 2001 § 421) in *State of Oklahoma v. Fred M. Schraeder*, Tulsa County District Court Case No. CF–2009–5279. In connection with the negotiated plea, Respondent received a five year deferred sentence, subject to his payment of restitution equalling $36,056.00 and compliance with the terms of his probation. The plea was based on his conspiring with co-defendant William J. Anton.[2]

(4) Additionally, the affidavit admits to fifteen ongoing grievance investigations being conducted by the OBA. Included among these grievances were charges of misappropriating client funds; forging client signatures on settlement checks; failing to supervise employees who had misappropriated client funds and/or forged client signatures on settlement checks; permitting an employee to engage in the unauthorized practice of law; neglecting client matters; failing to communicate with clients; failing to provide competent representation; and refusing to cooperate during an OBA grievance investigation.[3] The Respondent concedes that the allegations, if proven, would constitute violations of the RGDP and the Oklahoma Rules of Professional Conduct ("ORPC").[4]

(5) Respondent has waived any and all right to contest the OBA allegations created by the October 25, 2011 guilty plea and the pending grievance investigations.

(6) Respondent states that he has familiarized himself with RGDP Rule 9.1, and agreed to comply the requirements of Rule 9.1 within twenty (20) days following approval of his tendered resignation.[5]

(7) Respondent recognizes that he may be reinstated to the practice of law only after full compliance with the terms and procedures outlined by RGDP Rule 11. Respondent has also acknowledged that no application for reinstatement may be presented prior to five years from the effective date of this order approving his resignation.

(8) Respondent's official roster address as shown from the affidavit and OBA records is Fred M. Schraeder, OBA # 7981, 4528 S. Sheridan, Suite 103, Tulsa, Oklahoma 74115.

(9) As a result of his conduct, the Client Security Fund may receive claims from Respondent's former clients. Respondent has agreed to reimburse the OBA for any such claims, prior to filing an application for reinstatement, including the principal amounts and the applicable statutory interest expended by the Client Security Fund.

---

2. This Court approved Anton's resignation from the OBA pursuant to an order issued in *State of Oklahoma, ex rel. Oklahoma Bar Association v. Anton*, 2007 OK 84, ¶ 16, 175 P.3d 364, 368. Respondent hired Anton following the resignation and allowed him to engage in criminal activity during the course and scope of employment. On March 21, 2011, Anton plead guilty to multiple counts of embezzlement and workers compensation fraud. The affidavit does not, however, specify the details surrounding the conspiracy between Respondent and Anton.

3. The fifteen grievances outlined in Respondent's affidavit were DC 08–263, DC 09–134, DC 09–186, DC 09–230, DC 09–255, DC 09–320, DC 09–325, DC 09–354, DC 10–009, DC 10–010, DC 10–012 (Dominique Walton), DC 10–012 (Andrea Walton), DC 10–114, DC 10–246, DC 11–22.

4. 5 O.S.2001, ch. 1, app. 3–A.

5. RGDP Rule 9.1 provides, "[w]hen the action of the Supreme Court becomes final, a lawyer who is disbarred or suspended, or who has resigned membership pending disciplinary proceedings, must *notify all of the lawyer's clients* having legal business then pending within twenty (20) days, by certified mail, of the lawyer's inability to represent them and the necessity for promptly retaining new counsel. If such lawyer is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the disbarred, suspended or resigned lawyer had substantial responsibility. The lawyer shall also *file a formal withdrawal* as counsel in all cases pending in any tribunal. The lawyer must file, within twenty (20) days, an *affidavit with the Commission and with the Clerk of the Supreme Court* stating that the lawyer has complied with the provisions of this Rule, together with a *list of the clients so notified and a list of all other State and Federal courts and administrative agencies* before which the lawyer is admitted to practice. Proof of substantial compliance by the lawyer with this Rule 9.1 shall be a condition precedent to any petition for reinstatement. (Emphasis added).

¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the voluntary resignation of Fred M. Schraeder, pending disciplinary proceedings should be approved, and shall be effective upon the filing of this order in the Office of the Clerk of the Oklahoma Supreme Court.

¶3 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the name of Fred M. Schraeder shall be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, the Respondent may not make application for reinstatement prior to the expiration of five years from the date of this order.

¶4 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Respondent shall comply with RGDP Rule 9.1 by notifying each of his clients having pending legal business of the need to promptly retain new legal counsel; filing a formal withdrawal from all cases pending before any tribunal; and submitting the required affidavits attesting to compliance with Rule 9.1, together with a list of all clients notified and a list of any court or administrative body which the attorney was admitted to practice.

¶5 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that repayment of any sums expended from the Client Security Fund for monies paid to former clients of Respondent shall be a condition satisfied prior to any future reinstatement. Further, compliance with the restitution payments ordered pursuant to Respondent's plea agreement and deferred sentence shall also be a prerequisite met before any future reinstatement is authorized.

¶6 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any costs associated with the OBA's investigation and this proceeding are waived by agreement of the OBA and Respondent.

¶7 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 14 day of November, 2011.

ALL JUSTICES CONCUR.